## PHILLIPS *v.* GAMBLE.

TRIAL—INTEREST—TENDER—SUFFICIENCY—QUESTION FOR JURY.

In an action for damages for defendant's alleged failure to perform an agreement to sell to plaintiffs certain real estate, where defendant admitted that plaintiffs were entitled to a judgment for at least $500, the amount paid by them when the agreement was made, the question as to whether defendant's tender of the $500 and costs was sufficient to stop the running of interest, *held*, properly submitted to the jury.

227—Mich.—44.

Error to Wayne; Hunt (Ormond F.), J. Submitted April 23, 1924. (Docket No. 116.) Decided July 24, 1924.

Assumpsit by Alfred R. Phillips and another against Henry Gamble for breach of a land contract. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Victor H. Hampton,* for appellant.

*Robert M. Brownson,* for appellees.

MOORE, J. This is an action of assumpsit brought by the plaintiffs, to recover damages alleged to have been sustained by them by reason of the defendant's refusal and failure to perform an agreement, made on or about the 8th day of July, 1918, whereby defendant agreed to sell and convey, and the plaintiff agreed to buy a certain property in the city of Highland Park, Michigan. The defendant filed a plea of the general issue with notice of tender before suit was commenced, and also the statute of frauds. It was admitted plaintiff paid $500 when the agreement was made, and that he is entitled to a judgment for at least $500, but defendant claims that to this amount no interest should be added. At the close of the plaintiffs' case and again at the close of all the testimony defendant moved for a directed verdict and paid into court $500 and also $25 costs, being the amount of claimed tender and the costs of plaintiffs, previously taxed, the money being deposited with the court. The motion was overruled. Verdict for plaintiffs for $571.80 and judgment thereon with costs to them was entered.

It is the claim of defendant that he made a tender of $500 sufficient to stop the running of interest. It was the claim of the plaintiff that the tender was not

unconditional. The trial judge submitted the question to the jury in a fair charge. The jury accepted the claim of the plaintiffs as to what was said and done about the tender.

We find no reversible error.

The judgment is affirmed, with costs to the appellees.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.